No. 12-1213
_____

# UNITED STATES COURT OF APPEALS
## For the First Circuit
_____

UNITED STATES,

Appellee,

v.

STEPHEN L. VOISINE,

Appellant.

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE
_____

## REPLY BRIEF OF APPELLANT

_____

**VIRGINIA G. VILLA, # 124070**
Assistant Federal Defender
Attorney for Appellant Voisine

Federal Defender Office
District of Maine –Bangor Branch
23 Water Street, Suite 206
Bangor, ME 04401
207-992-4111
FAX: 207-992-9190
Virginia_Villa@fd.org

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENTS:

    I.      Stephen Voisine's conviction under 18 U.S.C. § 922(g)(9) seriously impairs the fairness, integrity and public reputation of judicial proceedings, in that he is labeled as having engaged in "domestic violence," and thus deprived of core constitutional rights, without the Government ever having to prove in any forum that he ever hit or physically harmed the women in his life. . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Compliance
Certificate of Service

# TABLE OF AUTHORITIES

**CASES:**                                                                                    **Page**

*Dist. of Columbia v. Heller*, 554 U.S. 570 (2008). . . . . . . . . . . . . . . . . . . . . . . . . 5

*Johnson v. United States*, 130 S.Ct. 1256 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pattershall v. Jenness*, 485 A.2d 980 (Me. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Booker*, 644 F.3d 12 (1st Cir. 2011). . . . . . . . . . . . . . . . . . . . 5, 6, 8

*United States v. Mahin,* 668 F.3d 119 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Nason*, 269 F.3d 10 (1st Cir. 2001). . . . . . . . . . . . . . . . . . . . 4, 6, 7

*United States v. Rehlander*, 666 F.3d 45 (1st Cir. 2012). . . . . . . . . . . . . . . . . . . 5, 7

*United States v. Staten*, 666 F.3d 154 (4th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . 7

*Wash. State Grange v. Wash. State Repub. Party*, 552 U.S. 442 (2008). . . . . . . . 6

**STATUTES**:

15 M.R.S.A. § 393(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 M.R.S.A. § 393(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 922(g)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 922(g)(9). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 924(e)(2)(B)(I). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

34-B M.R.S.A. § 3863. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# ARGUMENTS

## I.

**STEPHEN VOISINE'S CONVICTION UNDER 18 U.S.C. § 922(G)(9) SERIOUSLY IMPAIRS THE FAIRNESS, INTEGRITY AND PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS, IN THAT HE IS LABELED AS HAVING ENGAGED IN "DOMESTIC VIOLENCE," AND THUS DEPRIVED OF CORE CONSTITUTIONAL RIGHTS, WITHOUT THE GOVERNMENT EVER HAVING TO PROVE IN ANY FORUM THAT HE EVER HIT OR PHYSICALLY HARMED THE WOMEN IN HIS LIFE**

Stephen Voisine has never engaged in an act of domestic violence, despite domestic relations involving some level of discord. The Government cites to a string of convictions for violating protection orders with regard to his former wife to establish that he should be deprived of his constitutional right to bear arms. Yet, he has no convictions for having struck or otherwise used any violence against his former wife.

The Government cites to his two convictions for simple assaults against his long-time companion, Tina Farwell. In the first, the Government asserts, without any reliable evidence, that he slapped Ms. Farwell. *See* Govt. Br. at 35. It argues that we may assume that he did slap Ms. Farwell because he pled guilty to simple assault. *See id.* This assumption is unfounded, however, because there is no factual basis for this conviction in the change of plea transcript. As noted in

*Pattershall v. Jenness*, 485 A.2d 980, 983 (Me. 1984), the motivation to fully and fairly resolve a factual issue may be influenced by the perceived consequences of that action. Although the allegation is that he slapped her in the face, contemporaneous observations by the investigating officer revealed no marks on Ms. Farwell consistent with her being so assaulted. In Mr. Voisine's prior conviction, he was fined $200. Because Maine law allows a conviction for offensive physical contact, Mr. Voisine could have been convicted even if it turned out that Tina Farwell slapped him, he grabbed her hand to keep her from slapping him again, and then, due to her admitted state of intoxication, she fell down.

That this may have been the basis for the prior conviction finds some support in the "facts" of his second conviction, in which Mr. Voisine was the one who called the police because he says that Ms. Farwell slapped him, but he is the one who is arrested and convicted of another simple assault. Although she said he threw the phone at her, there is no indication that the phone hit her.

Exhausting its ability to argue that Mr. Voisine should be dispossessed of his Second Amendment rights because he engaged in violent conduct toward his loved ones, the Government then argues that he should be deprived of his Second Amendment rights because he shot an American eagle and took a deer out of

2

season. *See* Govt Br. at 49. These offenses are also misdemeanors and would not, in themselves, prohibit Mr. Voisine's possession of a firearm. The Government's citation to *United States v. Mahin*, 668 F.3d 119 (4th Cir. 2012) is misplaced because the issue there was not whether the use of the firearm precluded a Second Amendment challenge, but whether Congress may temporarily proscribe firearm possession where there has been a judicial finding that the person so prescribed presents a present threat to a domestic partner. Mr. Voisine, at the time he possessed the firearm in question, had not been found to present a threat to anyone.

In sum, there is no reliable evidence *at any point in any proceeding* that Stephen Voisine engaged in physically violent conduct toward any of the women with whom he lived. This is why he raises an "as applied" challenge to the constitutionality of § 922(g)(9). If his conviction under this statute is allowed to stand without requiring the Government to present reliable evidence that he engaged in violent conduct, and the statute is based on prior violence, his conviction calls into question the fairness and integrity of the instant proceedings. If § 922(g)(9) continues to be construed to apply to non-violent conduct, despite this Court's acknowledgment that the statute finds its motivating force in disarming violent offenders, the public reputation of judicial proceedings as

3

designed to protect constitutional rights is called into question. Both results offend fundamental fairness. The flaw is not to be found in the language or purpose of 18 U.S.C. § 922(g)(9), but with this Court's decision to allow its application to non-violent convictions. The imperfection is one of constitutional proportions and is one that this Court can remedy through this appeal.

The application of § 922(g)(9) to non-violent contact is implicit holding that offensive physical contact qualifies as the "use of force." In *United States v. Nason*, 269 F.3d 10 (1st Cir. 2001), the Court observed that "'Violence' is essentially a subset of physical force involving injury or risk of harm." *Id.* at 17. Because it is a subset, this means that physical force is a broader category than violent force. This is the same conclusion that the Supreme Court arrived at in determining that the use of non-violent force does not constitute the "use of physical force" for purposes of 18 U.S.C. § 924(e)(2)(B)(I). *See Johnson v. United States*, 130 S.Ct. 1256 (2010). *Nason* held that non-violent force satisfied the goal of disarming domestic misdemeanants, which although over-inclusive, could be read into congressional intent. As long as § 922(g)(9) did not impinge on constitutionally protected rights, all that needed to be shown to support the conclusion that a person who engaged in non-violent conduct should be prohibited

from possessing firearms was a rational basis. Given that firearms are inherently dangerous, this was not a difficult hurdle.

That equation changed with the decision in *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008). Suddenly, the right to keep and bear arms was recognized as a fundamental right possessed by each individual citizen, and as such, could not be abridged without just cause or adequate procedural protections. *See United States v. Rehlander*, 666 F.3d 45, 47 (1st Cir. 2012)("appellants press their constitutional claims in various permutations; the most potent is that, given *Heller's* pronouncement of an individual constitutional right to possess arms, the ex parte procedures employed under section 3863 may justify temporary hospitalization but not a permanent deprivation of the right to bear arms—permanent given the lack of any meaningful way ever to recapture that right"). It is also a right that cannot be deprived except where the justification for the deprivation presents an adequate "fit" with the scope of the deprivation. *See United States v. Booker*, 644 F.3d 12, 22 and n.11 (1st Cir. 2011).

The *Booker* opinion posited that "in covering only those with a record of violent crime, § 922(g)(9) is arguably more consistent with the historical regulation of firearms than § 922(g)(1), which extends to violent and nonviolent offenders alike." *Id.* at 24-25. This holding may survive a facial challenge to

5

922(g)(9), in that the statute clearly encompasses violent offenses. The constitutional problem derives from *Nason's* choice to apply the statute to non-violent offenses as well. Mr. Voisine, having no prior conviction for violent conduct, mounts an as-applied challenge. By the explicit terms outlined in *Booker*, this issue has not been decided by this Court. *See Booker*, 644 F.3d at 22 ("because it is *facial* in nature, the appellants' challenge to the constitutionality of § 922(g)(9) must fail if we determine that the statute 'has a plainly legitimate sweep.' *Wash. State Grange v. Wash. State Repub. Party*, 552 U.S. 442, 449 (2008) (internal quotation marks omitted)" (emphasis added)).

Rather than justify the application of § 922(g)(9) to those who have not been convicted of any prior violent conduct, the Government seeks to preclude this Court from considering this as-applied challenge by asserting that the issue is precluded by *Booker*. The problem is that *Booker* explicitly found that the challenge lodged in that case was a facial challenge, not an as-applied challenge. Rather than answer the question as to how the statute can be applied to simple assault convictions that do not involve violent force, the Government posits that a Due Process challenge cannot be raised at this stage of the proceedings. The Due Process problem exists only due to this Court's decision in *Booker* to reaffirm that § 922(g)(9) applies to the use of non-violent physical force while recognizing that

the statute is only constitutional with reference to the prior use of violent physical force.

Mr. Voisine's prior conviction did not involve the use of violent physical force. He is treated as if it did. He could not challenge the issue of the use of force in state court because it didn't matter to the outcome. He could not challenge the issue of the use of force in federal court because it is not required by statute. The only means of remedying the absence of a forum in which the issue of violence may be determined is to limit the scope of § 922(g)(9) to those misdemeanor offenses that require the use of violent force.

Mr. Voisine challenges his conviction of a federal felony because the extension of the statute to non-violent conduct deprives him of ever having any judicial officer determine that he engaged in domestic violence. The deprivation of a constitutional right without any means to challenge the factual basis for that deprivation constitutes a sufficiently serious question as to the statute's constitutionality under the Due Process clause to avoid such a construction. *See Rehlander*, *supra*. *Nason* recognized that Maine's simple assault statute encompasses non-violent force. *See id.*, 269 F.3d at 17. In addition to the other circuits cited in Mr. Voisine's opening brief, the Fourth Circuit has limited § 922(g)(9) to the use of violent force. *See United States v. Staten*, 666 F.3d 154 (4th

Cir. 2011) (limiting scope of § 922(g)(9) to those offenses which involve the use or attempted use of force capable of causing physical pain or injury).

Maine does not have a means of restoring firearm rights to those convicted of misdemeanor offenses as Maine never deprives a person of constitutional rights based on such convictions. *See* 15 M.R.S.A. § 393(1)(setting forth categories of persons prohibited from possessing firearms, which categories do not include misdemeanor convictions) and § 393 (2)(limiting application to restoration of firearm rights to those prohibited under section (1)). This means that, as applied to those in Mr. Voisine's situation, there is never any opportunity to challenge whether a simple assault was for violent or non-violent conduct, and no means of ever restoring a right once improperly taken. If not based on violence, then it is a general deprivation of firearms that advances no specific governmental interest. As such, it fails any level of scrutiny that can be applied to a constitutionally protected right.

None of Mr. Voisine's convictions are based on violent conduct. Neither are they felonies. Absent either type of conviction, he cannot have his firearm right abridged. As his current conviction does just that, it is due to be vacated.

## CONCLUSION

Mr. Voisine has no prior conviction based upon having caused bodily injury, as defined by Maine law, to an intimate partner. He has been convicted of having caused offensive physical contact. Either the offensive physical contact portion of the Maine assault statute is not a "misdemeanor crime of domestic violence," in that it does not require the use of violent physical force, or § 922(g)(9) unconstitutionally deprives Mr. Voisine of a core constitutional right without just cause. As such, his conviction on Count One is due to be reversed and the sentence on that count is due to be vacated. His conviction of killing a bald eagle is not challenged. His sentence for that offense is due to expire on January 16, 2013.

Dated: October 12, 2012

                                      Respectfully submitted,

                                      */s/ Virginia G. Villa*

                                      VIRGINIA G. VILLA
                                      Assistant Federal Defender, Dist. Maine
                                      23 Water Street, Suite 205
                                      Bangor, ME 04401
                                      (207) 992-4111
                                      Virginia_Villa@fd.org
                                      Attorney for the Appellant

# CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

RE: *United States v. Voisine*, No. 12-1213

**Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:
☒ this brief contains 2003 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:
☒ this brief has been prepared in a proportionally spaced typeface using WordPerfect X3, TimesNewRoman font, 14 point.

DATED: October 12, 2012

*/s/ Virginia G. Villa*

**Virginia G. Villa,**
Attorney for Appellant
Assistant Federal Defender
First Circuit Bar Number 124070

I hereby certify that on October 12, 2012, I electronically filed Appellant's Reply Brief with the Clerk of Court using the CM/ECF system with will send notification of such filing to Renée M. Bunker, Assistant United States Attorney, Office of the United States Attorney, 100 Middle St., East Tower, 6th Floor, Portland, ME 04101.

*/s/ Virginia G. Villa*
VIRGINIA G. VILLA
Assistant Federal Defender
Federal Defenders of Maine