No. 12-1213

───────────────

UNITED STATES COURT OF APPEALS
For The First Circuit

───────────────

UNITED STATES OF AMERICA,

Appellee,

v.

STEPHEN VOISINE,

Appellant.

───────────────

On Appeal from the United States District Court for the
District of Maine

───────────────

PETITION FOR REHEARING BY THE PANEL AND
SUGGESTION FOR REHEARING <u>EN BANC</u>

───────────────

VIRGINIA G. VILLA, # 124070
Assistant Federal Defender
Attorney for Appellant

23 Water Street, Suite 206
Bangor, ME 04401
(207) 992-4111
Fax: (207) 992-9190
Virginia_Villa@fd.org

RULE 35(b)(1) STATEMENT

In compliance with Rule 35(b)(1) of the Federal Rules of Appellate Procedure, this suggestion for rehearing en banc is submitted so that the Court may determine, as a whole, the following questions:

1. Whether the panel's opinion should be reversed in that it is in direct conflict with the decisions of the following federal circuit courts of appeal:

*United States v. White*, 606 F.3d 144 (4th Cir. 2010);

*United States v. White*, 258 F.3d 374 (5th Cir. 2001);

*United States v. Castleman*, 695 F.3d 582 (6th Cir. 2012);

*United States v. Skoien*, 614 F.3d 638, 642 (7th Cir. 2010)(en banc);

*United States v. Howell*, 531 F.3d 621 (8th Cir.2008);

*United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003); and

*United States v. Hays,* 526 F.3d 674 (10th Cir. 2008).

2. Whether the panel's decision should be reviewed because it erroneously decides the following questions of exceptional importance:

Whether a misdemeanor conviction for non-violent or reckless offensive physical contact allows Congress the ability to deprive the person so convicted of the fundamental right to keep and bear firearms protected by the Second Amendment.

Whether a judicial finding in a subsequent federal proceeding, that a prior conviction for domestic assault involved violent conduct rather than non-violent offensive physical contact, deprives a defendant of Due Process, in that he is never afforded a forum in which to establish, beyond a reasonable doubt, that his prior conviction was based on non-violent conduct.

# TABLE OF CONTENTS

**Page**

RULE 35(b)(1) STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

REASON FOR GRANTING REHEARING OR REHEARING <u>EN BANC</u>:

    I.    Rehearing is merited because the court's use of facts recited in a police report to establish the nature of a prior conviction in a subsequent proceeding deprives a person of fundamental due process rights guaranteed by the Fifth Amendment to the United States Constitution and also violates the strictures on use of prior convictions set forth by the United States Supreme Court. . . . . . . . . 1

    II.    Rehearing en banc is merited to resolve a split in authority. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    III.    Rehearing en banc is merited due to the underlying constitutional question as to whether th e fundamental right to bear arms can be abrogated based on non-violent or reckless conduct. . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**CASES:**                                                                **Page**

*In re Winship*, 397 U.S. 358 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Johnson v. United States*, 130 S. Ct. 1265 (2010). . . . . . . . . . . . . . . . . . . . *passim*

*Shepard v. United States*, 544 U.S. 13 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . 4

*State v. Rembert*, 658 A.2d 656 (Me. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sullivan v. Louisiana*, 508 U.S. 275 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Taylor v. United States*, 495 U.S. 575 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Armstrong*, No. 12-1216 (1st Cir. 2013). . . . . . . . . . . . . . . . *passim*

*United States v. Belless*, 338 F.3d 1063 (9th Cir. 2003). . . . . . . . . . . . . . . . . . 8, 9

*United States v. Booker*, 644 F.3d 12 (1st Cir. 2011). . . . . . . . . . . . . . . . 1, 4, 5, 13

*United States v. Castleman*, 695 F.3d 582 (6th Cir. 2012). . . . . . . . . . . . . . . . . 11

*United States v. Hays*, 526 F.3d 624 (10th Cir. 2008). . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Howell*, 531 F.3d 621 (8th Cir.2008). . . . . . . . . . . . . . . . . . . . . 11

*United States v. Nason*,  269 F.3d 10 (1st Cir. 2001). . . . . . . . . . . . . . . . . 1, 4, 8, 9

*United States v. Skoien*, 614 F.3d 638 (7th Cir. 2010)(en banc). . . . . . . . . 10, 12, 13

*United States v. Smith*, 500 F.3d 27 (1st Cir. 2007).. . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Smith*, 171 F.3d 617 (8th Cir.1999). . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Voisine*, No. 12-1213 (1st Cir. 2013).. . . . . . . . . . . . . . . . . . . . 1, 3

*United States v. White*, 606 F.3d 144 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. White*, 258 F.3d 374 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 11

**<u>FEDERAL CONSTITUTION AND STATUTES:</u>**

U.S. Const., amend. V. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 921(a)(33)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 922(g)(8)(C)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 922(g)(9). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**<u>STATE STATUTES:</u>**

17-A M.R.S.A. § 207(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Wyo. Stat. Ann. § 6-2- 501(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**<u>MISCELLANEOUS:</u>**

An Act to Strengthen the Federal Firearms Act, Pub. L. No. 87-342, § 2, 75 Stat. 757, 757 (1961). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Erica Good and Jack Healy, "Focus on Mental Health Laws to Curb Violence is Unfair, Some Say," The New York Times (Jan. 31, 2013). . . . . . . . . . . . . . . . . . . 14

Federal Firearms Act, ch. 850, §§ 1(6), 2(f), 52 Stat. 1250, 1250-51 (1938). . . . . 12

Restatement (2d) Torts, § 18, comment c (1964). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## REASONS FOR REHEARING OR REHEARING <u>EN BANC</u>

## I.

**REHEARING IS MERITED BECAUSE THE COURT'S USE OF FACTS RECITED IN A POLICE REPORT TO ESTABLISH THE NATURE OF A PRIOR CONVICTION IN A SUBSEQUENT PROCEEDING DEPRIVES A PERSON OF FUNDAMENTAL DUE PROCESS RIGHTS GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ALSO VIOLATES THE STRICTURES ON USE OF PRIOR CONVICTIONS SET FORTH BY THE UNITED STATES SUPREME COURT**

The panel in Mr. Voisine's case denied his petition, stating,

> Defendant-Appellant Stephen L. Voisine asks
> us to reconsider arguments heard in and decided by this court
> regarding: (1) whether 18 U.S.C. § 922(g)(9) should be construed to
> exclude a purportedly non-violent offensive physical contact
> misdemeanor conviction as a predicate offense; and (2) whether
> applying § 922(g)(9) to such a prior conviction would violate a
> particular defendant's Second Amendment rights. See United States
> v. Booker, 644 F.3d 12 (1st Cir. 2011); United States v. Nason, 269
> F.3d 10 (1st Cir. 2001). The Court considered and denied the exact
> same arguments in *United States v. Armstrong, III*, Case No. 12-1216
> (1st Cir. 2012).

*United States v. Voisine*, No. 12-1213, slip op. at 1 (1ˢᵗ Cir. Jan. 18, 2013).

Although the panel indicates that the facts are the same as in Mr. Armstrong's

case, in the published opinion, the Court indicated "The 2008 assault was

described by the district court as follows." *United States v. Armstrong*, No. 12-

1216, slip op. at 2 (1ˢᵗ Cir. January 18, 2013). There are no similar factual findings

1

in Mr. Voisine's case. If there were, they would have to recite that the police report underlying this conviction indicates that Mr. Voisine's live-in girlfriend accused him of slapping her, but that the investigating officer could find no indication of such action, in that Ms. Farwell's face bore no marks consistent with a slap. *See* Govt Memo in Opp., Attachment 1, JA 43-44; PSR ¶ 30, Sealed Joint Appendix (SJA) 7. To the extent that the panel used "facts" indicating Mr. Armstrong struck his wife, but could not use any similar facts with respect to Mr. Voisine, indicates that there are factual differences between the two cases. What there is not is a legal difference between the cases. However, it is because the panel's opinion in *Armstrong* relies on unestablished facts to control the disposition in Mr. Voisine's case, he petitions for rehearing or rehearing en banc in order to preserve his rights.

The Fifth Amendment provides, in relevant part, that "No person shall ... be deprived of life, liberty or property, without due process of law... ." U.S. Const., amend. V. Due Process demands that criminal convictions be premised on proof beyond a reasonable doubt. *See In Re Winship*, 397 U.S. 358, 364 (1970). The *Winship* reasonable doubt standard applies in both federal and state criminal proceedings. *See Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993). This standard protects three interests. First, it protects the defendant's liberty interest. *See*

*Winship*, 397 U.S. at 363. Second, it protects the defendant against the stigma of conviction. *See id.* Third, and most relevant to this case, it encourage community confidence in criminal law by giving "concrete substance" to the presumption of innocence. *Id.* at 363-64.

This Court terms Mr. Voisine's prior conviction as a "purportedly non-violent offensive physical contact misdemeanor conviction... ." *Voisine*, slip op. at 1. The United States Supreme Court has held that a common law battery, of which Mr. Voisine was convicted, involves force, but does not involve violent force. *See Johnson v. United States*, 130 S. Ct. 1265 (2010). That Mr. Voisine's conviction is non-violent is established by the Maine Supreme Judicial Court's adoption of the common-law definition of a battery to define the "offensive physical contact" portion of the statute. *See State v. Rembert*, 658 A.2d 656, 657-58 (Me. 1995)(finding that "offensive physical contact" portion of Maine's simple assault statute is coterminous with the definition of civil battery under the Restatement (2d) Torts, § 18, comment c (1964), and does not require a direct touching of the victim). There are no reliable facts anywhere, either in the federal or state proceeding, to indicate that this was anything other than a non-violent offense. Yet, Mr. Voisine is treated as a violent offender.

When a federal statue relies on a prior conviction, the Supreme Court has held that courts must take a categorical approach. *See Taylor v. United States*, 495 U.S. 575 (1990). The reason for limiting the inquiry to a prior conviction is because the statute, be it 18 U.S.C. § 924(e) or §922(g)(9), refers to a conviction and not to prior conduct. Language requiring a prior conviction is "language imposing the categorical approach ... ." *Shepard v. United States*, 544 U.S. 13, 19 (2005). As to offensive physical contact batteries, the *Johnson* court held that, categorically, they do not involve violent force.

That Mr. Voisine, like Mr. Armstrong, was convicted of a non-violent misdemeanor offense is reflected in the panel's acceptance of Mr. Armstrong's assertion that he was convicted of a non-violent battery offense. *See Armstrong*, slip op. at 9 ("He asserts first that the language and history of the misdemeanor violence prohibition's incorporation into §922(g)(9) indicates that Congress never intended the proscription to apply to <u>non-violent</u> battery convictions which encompass non-violent offensive physical contact at common law. A cursory interpretation of §§ 921(a)(33)(A) and 922(g)(9), in light of <u>Nason</u> and <u>Booker</u>, clearly indicates otherwise"). Yet, the panel in *United States v. Booker*, 644 F.3d 12 (1st Cir. 2011) premised the constitutionality of § 922(g)(9) on a congressional concern with violence. *See id.* at 21. The Court uses the word "violence"

4

repeatedly in describing the legislative history of the statute, *see id.*, as well as specifically stating that "Section 922(g)(9) finds its animating interest in keeping guns away from people who have been proven to engage in violence with those with whom they share a domestically intimate or familial relationship." *Booker*, 644 F.3d at 25. If Mr. Voisine was convicted of recklessly causing a non-violent offensive physical contact, and even the record developed in the federal district court after his conviction of § 922(g)(9) failed to establish violent conduct by any reliable evidence, then by affirming this conviction on this *factual* basis, the Court violates Mr. Voisine's rights under the Fifth Amendment, as well as acts contrary to the limits placed on consideration of prior convictions by the Supreme Court in *Taylor*, *Shepard,* and their progeny. If it requires the entire Court to remedy this Fifth Amendment violation, Mr. Voisine respectfully requests the Court to entertain the issue *en banc.*

## II.

### REHEARING EN BANC IS MERITED TO RESOLVE A SPLIT IN AUTHORITY

Uniformity of federal law is not always achievable, as there can be honest disagreement between courts regarding the scope and applicability of federal statutes. However, having the laws of the land equally applied throughout this nation carries particular importance when the question presented is whether

certain conduct does, or does not, constitute a federal felony. In other words, one

should not run the risk of a felony conviction because one has engaged in conduct

that, had those same actions occurred in another federal jurisdiction, would not be

considered a federal offense. The panel has relied upon the "plain language" of

the statute, as well as its legislative history, in affirming Mr. Armstrong's, and by

extension Mr. Voisine's, convictions. *See Armstrong*, slip op. at 6-8. As noted by

Judge Selya in *United States v. Smith*, 500 F.3d 27, 34 (1st Cir. 2007)(Selya, J.,

dissenting), "Judges are not mere grammarians, and the responsibility for statutory

interpretation involves more than the application of hard-and-fast syntactical rules

to isolated words and phrases." As set forth in this Petition, there are real and

important constitutional issues involved in the extension of § 922(g)(9) to non-

violent offensive physical contact convictions.

This Court's construction of 18 U.S.C. § 922(g)(9) in Mr. Armstrong's case

presents a fundamental disagreement with certain sister circuits regarding whether

misdemeanor offenses that involve recklessly committed "offensive contact" are

encompassed within the definition of "use of force." *See* 18 U.S.C. §

921(a)(33)(A)(defining "misdemeanor crime of domestic violence"). Thus, in

*United States v. Hays*, 526 F.3d 624 (10th Cir. 2008), the Tenth Circuit considered

whether a person may be convicted a § 922(g)(9) offense based on a prior

conviction for simple battery pursuant to Wyo. Stat. Ann. § 6-2- 501(b).  The

Tenth Circuit found that such prosecution is not permissible as it concluded "that

the first prong of the Wyoming battery statute does not categorically satisfy the

definition of 'misdemeanor crime of domestic violence' found in § 921(a)(33)(A)

because it embraces conduct that does not include 'use or attempted use of

physical force.'"  *Id.* at 679 (internal quotation and citation omitted).

The Wyoming statute is functionally the same as Maine's simple assault

statute, of which Appellant stands convicted.  The Wyoming statute is violated if a

person "unlawfully touches another in a rude, insolent or angry manner or

intentionally, knowingly or recklessly causes bodily injury to another." *Hays*, 526

F.3d at 675.  Title 17A, M.R.S.A., Section 207(1) provides that a  person is guilty

of assault if the "person intentionally, knowingly or recklessly causes bodily injury

or offensive physical contact to another person."   The underlying nature of the

offense in *Hays* was as obscure as that in Appellant's case, in that "[n]either the

citation nor the subsequent judgment in the case described the factual

circumstances that led to this conviction." *Hays*, 526 F.3d at 675.

The Ninth Circuit came to the same conclusion as the Tenth Circuit that

actions which constitute offensive physical contact do not constitute a

"misdemeanor crime of domestic violence." *See United States v. Belless*, 338 F.3d

1063 (9th Cir. 2003). The defendant in this case pled guilty to a misdemeanor under the above-cited Wyoming statute for having a dispute with his wife, and "grabbing her chest/neck area and pushing her against her car in an angry manner." *Id.* at 1065. Similar to this Court's analysis in *United States v. Nason*, 269 F.3d 10 (1st Cir. 2001), the Ninth Circuit found that "[a]ny touching constitutes 'physical force' in the sense of Newtonian mechanics. Mass is accelerated, and atoms are displaced." *Belless*, 338 F.3d at 1067-68. This Court determined that "physical force may be characterized as power, violence, or pressure directed against another person's body." *Nason*, 269 F.3d at 16. However, unlike this Court, the Ninth (and later the Tenth) Circuit did not stop at the technical idea that physical force is the equivalent of violent force. Therefore, the Ninth Circuit concluded that "[o]ur purpose in this statutory construction exercise, though, is to assign criminal responsibility, not to do physics. As a matter of law, we hold that the physical force to which the federal statute refers is not *de minimis*." *Id*. at 1068.

The Court did so by placing the "use of force" term in context with the terms around it. "The traditional doctrine of *noscitur a sociis*, that 'the meaning of doubtful words may be determined by reference to associated words and phrases,' guides us in our inquiry. In the federal definition, the associated phrase is

'threatened use of a deadly weapon.' That is a gravely serious threat to apply physical force. By contrast, the Wyoming statute criminalizes conduct that is minimally forcible, though ungentlemanly." *Belless*, 338 at 1068.

The *Nason* Court did not consider the other part of the definition of a "misdemeanor crime of domestic violence" but rather turned to the statutory proscription in 18 U.S.C.§ 922(g)(8)(C)(ii)(requiring language in a protection order prohibiting a use of physical force resulting in bodily injury). Because this Court determined that § 921(a)(33)(A)(ii) must mean something other than physical force resulting in bodily injury, § 922(g)(9) was held to apply to "*all* types of physical force, regardless of whether they could reasonably be expected to cause bodily injury." *Nason*, 269 F.3d. at 16-17. The Court therefore found that the portion of Maine's simple assault statute that adopted the common law definition of a battery qualified as a misdemeanor crime of domestic violence. *See id.* at 21. *See also United States v. Smith*, 171 F.3d 617, 621, n. 2 (8th Cir.1999) ("[Insulting or offensive contact], by necessity, requires physical force to complete.").

It is true that the Supreme Court's decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010) does not squarely answer the challenge the Appellant raises with respect to § 922(g)(9). However, the reasoning in that case adds force to the

conclusions of the Ninth and Tenth Circuits that *any* quantum of force is insufficient to satisfy the "use of force" definition of § 921(a)(33)(A). Just as *Johnson* construed the term "violent felony," the Ninth and Tenth Circuits focused on the term "misdemeanor crime of domestic violence," and found that violent force is required to meet that definition.

The Fourth Circuit squarely addressed the effect of the *Johnson* opinion on § 922(g)(9) prosecutions in *United States v. White*, 606 F.3d 144 (4th Cir. 2010). In that case, the Court construed whether the Virginia Assault and Battery statute could be construed to be a "misdemeanor crime of domestic violence." Because that statute could be violated through offensive physical contact, *see id.* at 155, the Court held that "the phrase 'physical force' in § 921(a)(33)(A)(ii) means force, greater than a mere offensive touching, that is capable of causing physical pain or injury to the victim." In so finding, it applied "to § 921(a)(33)(A)(ii) the same meaning of 'physical force' adopted by the Supreme Court in Johnson-'the phrase 'physical force' means violent force-that is, force capable of causing physical pain or injury to another person.' *Johnson*, 130 S.Ct. at 1271." The Seventh Circuit has held that a predicate misdemeanor for § 922(g)(9) prosecution "is one in which violence (actual or attempted) is an element of the offense; it is not enough if a risky act happens to cause injury." *United States v. Skoien*, 614 F.3d 638, 642 (7th

Cir. 2010)(en banc), *citing inter alia Johnson v. United States*, 130 S.Ct. 1265 (2010). More recently, the Sixth Circuit joined the Fourth in determining that, although *Johnson* specifically refrained from construing § 922(g)(9), the rationale set forth in *Johnson* requires construing § 922(g)(9) in a manner that excludes offensive physical contact convictions. *See United States v. Castleman*, 695 F.3d 582 (6th Cir. 2012)(holding that misdemeanor domestic assault under Tennessee law did not categorically qualify as a misdemeanor crime of domestic violence).

Appellant has raised the issue of whether reckless conduct can form the basis of a predicate misdemeanor offense. The Eighth Circuit in *United States v. Howell*, 531 F.3d 621 (8th Cir.2008) has found that a prior conviction based on reckless conduct cannot form the basis for a § 922(g)(9) predicate. The Fifth Circuit would agree with *Howell* that a prior conviction based on reckless conduct cannot form the basis for a § 922(g)(9) prosecution, as it held as much in *United States v. White*, 258 F.3d 374 (5th Cir. 2001).

For the other circuits not mentioned, it does not appear that they have directly addressed the question presented by these appeals. Thus, it appears that this Circuit is in discord with at least seven sister circuits. No other court has persisted in making criminal the possession of a firearm by a person previously convicted of a reckless, non-violent misdemeanor offense. Given the weight of

authority contrary to the panel's opinion, these appeals are worthy of the full

Court's close consideration.

## III.

**REHEARING EN BANC IS MERITED DUE TO THE UNDERLYING CONSTITUTIONAL QUESTION AS TO WHETHER THE FUNDAMENTAL RIGHT TO BEAR ARMS CAN BE ABROGATED BASED ON NON-VIOLENT OR RECKLESS CONDUCT**

As noted above, this Court's decision to apply § 922(g)(9) to those who

have prior misdemeanor convictions for recklessly causing offensive physical

contact is in conflict with the Seventh Circuit's decision in *United States v.*

*Skoien, supra*.  The nidus of the conflict is important to the constitutional question

presented.

As noted in the panel opinion, non-violent misdemeanor convictions were

never made a basis for federal firearm proscriptions until 1996.  "Enacted in its

earliest incarnation as the Federal Firearms Act of 1938, the law initially covered

those convicted of a limited set of violent crimes such as murder, rape,

kidnapping, and burglary, but extended to both felons and misdemeanants

convicted of qualifying offenses. See Federal Firearms Act, ch. 850, §§ 1(6), 2(f),

52 Stat. 1250, 1250-51 (1938); *Skoien*, 614 F.3d at 640.  The law was expanded to

encompass all individuals convicted of a felony (and to omit misdemeanants from

its scope) several decades later, in 1961. *See* An Act to Strengthen the Federal Firearms Act, Pub. L. No. 87-342, § 2, 75 Stat. 757, 757 (1961)." *Booker*, 644 F.3d at 24. The *Booker* panel's decision depended on the finding that "in covering only those with a record of violent crime" 644 F.3d at 24, § 922(g)(9) creates a valid category for the dispossession of firearms rights. This panel finds itself bound by the *Booker* panel's holding. *See Armstrong*, slip op. at 16.

If this Court construed § 922(g)(9) to encompass only those convicted of violent conduct, this conclusion would have more force. However, the first part of the opinion specifically rejects applying the statute only to those convicted of violent conduct and sweeps those convicted of non-violent conduct within the reach of the statute. However, neither Mr. Voisine nor Mr. Armstrong have been convicted of violent conduct. The finding of violence occurred at the federal court level, not at the state court level. Hence, the panel's reliance on the opinion in *Skoien* is misplaced since the Seventh Circuit would not have looked beyond the state court record to establish that the offense involved violence. Therefore, it is doubtful whether the Seventh Circuit would have come to the same conclusion on the constitutional issue had it been called upon to impose a Second Amendment ban on those convicted of non-violent misdemeanors.

There currently is a debate regarding firearm regulation and mental health problems. Those who advocate for the mentally ill note that "Good intentions without thought make for bad laws, and I think we have a risk of that ... ." Erica Good and Jack Healy, "Focus on Mental Health Laws to Curb Violence is Unfair, Some Say," The New York Times, January 31, 2013. It is clear from the legislative history that preventing those who have previously engaged in violent behavior, *as established by a prior conviction*, was at the heart of enacting § 922(g)(9). Using documents that have not been entered in a state court proceeding, and may not form the basis of a conviction, to establish that a predicate offense did involve violence, and therefore can form the basis of a Second Amendment prohibition, is contrary to both the language and intent of the statute. Because nothing in either the statute, its legislative history, or the individual circumstances of Mr. Voisine's case establish that he engaged in violence toward his live-in girlfriend, he should not suffer the deprivation of a right that enjoys protection under our Constitution.

## CONCLUSION

Given the disagreement in the circuits as to the application of § 922(g)(9),

the constitutional issues involved,  as well as the use of information forbidden in

the categorical approach mandated in this case, it is respectfully requested that the

panel reconsider its decision or that the Court entertain a rehearing en banc.

Dated: February 1, 2013

Respectfully submitted,

*/s/ Virginia G. Villa*

_____
VIRGINIA G. VILLA # 124070
Assistant Federal Defender
Attorney for Appellant
23 Water Street, Suite 206
Bangor, ME 04401
(207) 992-4111
Fax: (207) 992-9190
Virginia_Villa@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2013, I electronically filed Petition for
Rehearing and Rehearing En Banc with the Clerk of Court using the CM/ECF
system with will send notification of such filing to **Renée Bunker**, Assistant
United States Attorney, Office of the United States Attorney, 100 Middle St., East
Tower, 6th Floor, Portland, ME 04101.

*/s/ Virginia G. Villa*
VIRGINIA G. VILLA
Assistant Federal Defender
District of Maine