Nos. 12-1213, 12-1216
_____

# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT
_____

UNITED STATES,

Appellee,

v.

STEPHEN L. VOISINE, and
WILLIAM E. ARMSTRONG III,

Appellants.

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE
_____

## SUPPLEMENTAL BRIEF OF APPELLANTS

_____

**VIRGINIA G. VILLA, # 124070**
**Assistant Federal Defender**
**Attorney for Appellants Voisine and Armstrong**

**Federal Defender Office–Bangor Branch**
**District of Maine**
**23 Water Street, Suite 206**
**Bangor, ME 04401**
**207-992-4111**
**FAX: 207-992-9190**
Virginia_Villa@fd.org

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **iii**

**REASONS WHY ORAL ARGUMENT SHOULD BE HEARD.** . . . . . . . . . . **vi**

**ISSUES PRESENTED FOR REVIEW.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**STATEMENT OF THE CASES**

    **1. The federal charges and underlying state convictions:**
        **A. Re: Stephen L. Voisine.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**
        **B. Re: William E. Armstrong III.** . . . . . . . . . . . . . . . . . . . . . . . . **2**
    **2. The motions to dismiss, district court orders, and guilty pleas**
        **A. Re: Stephen L. Voisine.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**
        **B. Re: William E. Armstrong III.** . . . . . . . . . . . . . . . . . . . . . . . . **6**
    **3. The Supreme Court decision.** . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

**SUMMARY OF ARGUMENTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

**STANDARDS OF REVIEW.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **11**

**ARGUMENTS**

**I. TITLE 18, UNITED STATES CODE, SECTION 922(G)(9) EXCLUDES MISDEMEANOR OFFENSES COMMITTED THROUGH RECKLESS CONDUCT.** . . . . . . . . . . . . . . . . . . . . . . . . . . **12**

    **A. Congress, by adopting the common law definition of battery into the definition of the phrase "use of force," excluded reckless conduct from that definition.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**
    **B. The First Circuit's Decision that "use of physical force" may be committed through reckless conduct conflicts with that of every other court to have considered this intent element required by this language.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **19**

C.      Although Maine has a divisible statute, the *Shepard* approved documents available in these cases do not establish that the prior convictions were not based on anything but reckless conduct . . 24

II.    Title 18, United States Code, Section 922(g)(9) is an unconstitutional enactment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

A.      Reckless conduct is too tenuously connected to a purposeful effort to control a domestic partner so as to render § 922(g)(9) unconstitutional as applied to such convictions. . . . . . . . . . . . . . 28

B.      The decision in *Decamps v. United States*, 133 S.Ct. 2276 (2013) renders 18 U.S.C. § 922(g)(9), as construed by *United States v. Hayes*, 555 U.S. 415 (2009), unconstitutional pursuant to the Fifth and Sixth Amendments and the Ex Post Facto Clause. . . . . . . . . 30

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Certificate of Compliance
Certificate of Service

# TABLE OF AUTHORITIES

## CASES

*Bailey v. United States*, 516 U.S. 137 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Begay v. United States*, 553 U.S. 137 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Calder v. Bull*, 3 U.S. 386 (1798). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Descamps v. United States*, 133 S.Ct. 2276 (2013). . . . . . . . . . . . . . . . . . . . *passim*

*Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557 (7th Cir. 2008). . . . . . . . . . . . . . . . 22

*Johnson v. United States,* 130 S.Ct. 1265 (2011). . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Leocal v. Ashcroft*, 543 U.S. 1 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Lynch v. Commonwealth*, 109 S.E. 427 (1921). . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Richardson v. United States*, 526 U.S. 813 (1999). . . . . . . . . . . . . . . . . . . . . . . . 31

*Sekhar v. United States*, 133 S.Ct. 2720 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Shepard v. United States*, 544 U.S. 13 (2005). . . . . . . . . . . . . . . . . . . . 16, 26, 31

*State of Maine v. Armstrong*, Docket No. FARSC-CR-08-432. . . . . . . . . . . . . . 2, 3

*State of Maine v. Pozzouli*, A.2d 745 (Me. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 5

*State of Maine v. Rembert*, 658 A.2d 656 (Me. 1995). . . . . . . . . . . . . . . . . . . . . . 18

*State of Maine v. Voisine*, No. 2003-210 (Me. District Ct., Houlton). . . . . . . . . 1, 2

*United States v. Aguila-Montes*, 655 F.3d 915 (9th Cir. 2001). . . . . . . . . . . . . . . 31

*United States v. Armstrong*, 706 F.3d 1 (1st Cir. 2013). . . . . . . . . . . . . . . . . . . 8, 15

iii

*United States v. Booker*, 555 F.Supp. 2d 218 (D.Me. 2008). . . . . . . . . . . . . . . . . 4

*United States v. Booker*, 644 F.3d 12 (1ˢᵗ Cir. 2011). . . . . . . . . . . . . . . . . . *passim*

*Untied States v. Brun*, 2004 WL 234401 (D.Minn. 2004). . . . . . . . . . . . . . . . . 26

*United States v. Bryant*, 1:11-cr-0021-JAW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Carter*, 2014 WL 1688909 (1ˢᵗ Cir. Apr. 30, 2014). . . . . . . *passim*

*United States v. Castleman*, 134 S.Ct. 1405 (2014). . . . . . . . . . . . . . . . . . . *passim*

*United States v. Chapa-Garza*, 243 F.3d 921 (5ᵗʰ Cir. 2010). . . . . . . . . . . . . . . . 24

*United States v. Garcia*, 606 F.3d 1317 (11ᵗʰ Cir. 2010). . . . . . . . . . . . . . . . . . . 21

*United States v. Hayes*, 555 U.S. 415 (2009). . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Howell*, 531 F.3d 621 (8ᵗʰ Cir. 2008). . . . . . . . . . . . . . . . . . . . . 23

*United States v. Larsen*, 13 Fed. Appx. 439 (8ᵗʰ Cir. 2001). . . . . . . . . . . . . . . . . 26

*United States v. Nason*, 269 F.3d 10 (1ˢᵗ Cir. 2001). . . . . . . . . . . . . . . . . . . 5, 6, 15

*United States v. Smith*, 544 F.3d 781 (7ᵗʰ Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 22

*United States v. Taylor*, 495 U.S. 575 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*United States v. Trimble*, 415 F.Supp. 2d 1015 (D.Ne. 2006). . . . . . . . . . . . . . . . 26

*United States v. Torres Villalobos*, 487 F.3d 607 (8ᵗʰ Cir. 2007). . . . . . . . . . . . . . 23

*United States v. White*, 258 F.3d 374 (5ᵗʰ Cir. 2001). . . . . . . . . . . . . . . . . . . . 23-24

**STATUTES**:

17-A M.R.S.A. § 207(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

17-A M.R.S.A. § 207(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

17-A M.R.S.A. § 207A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

17-A M.R.S.A. § 207A(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

18 U.S.C. § 16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 16(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 19

18 U.S.C. § 16(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 23

18 U.S.C. § 521. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18 U.S.C. § 921. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 921(a)(33). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13, 31

18 U.S.C. § 921(a)(33)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 17, 30

18 U.S.C. § 921(a)(33)(A)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 922. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 922(g). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 922(g)(9). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 924(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 31

18 U.S.C. § 924(e)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18 U.S.C. § 924(c)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18 U.S.C. § 1512. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

19-A M.R.S.A. § 4002(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13

Tenn. Code Ann. § 39-13-101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tenn. Code Ann. § 39-13-101(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tenn. Code Ann. § 39-13-101(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tenn. Code Ann. § 39-13-111(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**MISCELLANEOUS:**

Black's Law Dictionary, 173. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Restatement (2nd) Torts, § 18 cmt. c (1964). . . . . . . . . . . . . . . . . . . . . . . . . . 18

U.S.S.G. § 2L1.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

2 W. LaFave & A. Scott, Substantive Criminal Law § 7.15(a)(1986 and Supp. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

3 W. Blackstone, Commentaries on the Laws of England 120 (1768). . . . . . . . . 18

142 Cong. Rec. S11872-01, S11877 (daily ed. Sept. 30, 1996). . . . . . . . . . . . . . 8

### REASONS WHY ORAL ARGUMENT SHOULD BE HEARD

Appellants cases present important issues involving the interaction of statutory construction and constitutional analysis about which the Court may wish to further question the parties.  Yet, this issue and these cases have been pending for many years and so the Court may wish to dispose of these cases without argument.

# ISSUES PRESENTED FOR REVIEW

This appeal on remand presents two issues for resolution. The first is whether a conviction for simple assault based on reckless conduct qualifies as a "misdemeanor crime of domestic violence" for purposes of 18 U.S.C. § 922(g)(9). The second question is whether 18 U.S.C. § 922(g)(9) is an unconstitutional enactment.

# STATEMENT OF THE CASES[1]

## 1. The Federal charges and underlying state convictions:

## A. Re: Stephen L. Voisine

On March 11, 2011, Stephen L. Voisine pled not guilty in federal district court to a two-count Information that charged him with being a prohibited person in possession of a rifle and killing a bald eagle. The Information read as to Count One:

> On or about October 18, 2009, in the District of Maine, the defendant,
> **STEPHEN L. VOISINE**
> having been convicted of a misedemeanor crime of domestic violence,
> specifically, the crime of assault in violation of Section 207 of Title 17-A of
> the Maine Revised Statutes Annotated in <u>State of Maine v. Stephen L. Voisine</u>,
> Docket No. 2003-210 (Maine District Court, Houlton), knowingly possessed
> in or affecting commerce a Remington, Model 7400, .30-06 caliber rifle

---

[1]Citations are to the Joint Appendices already on file with the Court. Appellants include only those facts that are relevant to the issues to be addressed by the Court on remand. As the Court must take a categorical approach to determining the basis for Appellant's prior convictions, Appellants have included no facts derived from police reports or other collateral sources that do not comply with a categorical approach. Judicial fact-finding regarding a prior conviction violates Fifth and Sixth Amendment protections. *See Descamps v. United States*, 133 S.Ct. 2276 (2013).

bearing searial number B8150483, in violation of Title 18, United States Code, Section 922(g)(9).

Information, Voisine Appx. 10. The Criminal Complaint filed in *State of Maine v. Stephen L. Voisine*, No. 2003-210 (Maine District Court, Houlton), charged Mr. Voisine as follows:

> On or about Apirl 12, 2003, in Wytopitlock, Aroostook County, Maine, STEPHEN L. VOISINE, did intentionally, knowingly or recklessly cause bodily injury or offensive physical contact to Tina M. Farwell. The crime involved domestic violence.

Complaint, Voisine Appx. 33.[2] Mr. Voisine appeared with his attorney, Jeffrey Pickering, on February 2, 2004 and pled guilty to the Complaint pursuant to a negotiated plea agreement for a $200 fine. Transcript, Voisine Appx. 30. No court document contains any further information regarding the factual basis of the guilty plea to this misdemeanor assault conviction.

**B.     Re: William E. Armstrong III**

On April 25, 2011, William E. Armstrong III pled not guilty to a one-count Indictment filed in federal district court. The Indictment read as to Count One:

> On or about May 11, 2010, in the District Couur Maine, defendant
> **WILLIAM E. ARMSTRONG III**

---

[2]At the time of this offense, 17-A M.R.S.A. § 207A (domestic violence assault) had not yet been enacted. The reference to "domestic violence" in the information thus added nothing to the elements of the § 207 charge.

who had been convicted under the laws of the State of Maine of a misdemeanor crime of domestic violence, specifically Domestic Violence Assault, Maine Superior Court (Franklin County docket #FARSC-CR2008-00432, dated 12-30-08), knowingly possessed in and affecting commerce the following firearms .... and the following ammunition ... In Violation of Title 18, United States Code, Section 922(g)(9).

Indictment, Armstrong Appx. 11-12.  The Criminal Complaint in *State of Maine v.*

*William E. Armstrong*, Docket No. FARSC-CR-08-432 charged as  follows:

On or about December 29, 2008, in New Vineyard, Franklin County, Maine, **WILLIAM E ARMSTRONG,** did intentionally, knowingly, or recklessly cause bodily injury or offensive physical contact to Rosanna Armstrong.  This conduct was committed against a family or household member as defined by 19-A M.R.S.A. § 4002(4).

Complaint, Armstrong Appx. 33.[3]  Mr. Armstrong pled guilty to this complaint

pursuant to an offer by the State of Maine.  The agreed-upon recommendation by the

prosecutor was:

a hundred and eighty days to the Franklin County Jail with all but forty-eight hours–strike that, twenty-four hours suspended, probation for a period of one year.  Conditions of probation are to include anger management counseling, and he's to have no contact, direct or indirect, with Rosanna Armstrong unless she requests writing–requests contact in writing and provides it to the probation officer.

Transcript, Armstrong Appx. 37-38.  The Lawyer of the Day indicated that it was

expected that Ms. Armstrong would write a letter confirming that she wanted Mr.

---

[3]Maine law reaches more relationships than set forth in 18 U.S.C. § 921(a)(33)(A), in that "family or household member" includes adults "related by consanguinity or affinity... ." 19-A M.R.S.A. § 4002(4).

Armstrong to come home and that he would be able to go home immediately, or as soon as that letter could be delivered to the Court. The prosecutor confirmed this information. *See id.*, Armstrong Appx. 39. No further information regarding the factual basis for this guilty plea, including the relationship between William and Rosanna Armstrong, is available from any Franklin County court document.

### 2. The motions to dismiss, district court orders, and guilty pleas

### A. Re: Stephen Voisine

Mr. Voisine filed a motion to dismiss Count One of the Information for failure to state a federal offense on the basis that the Government could not establish that the 2003 conviction qualified as a misdemeanor crime of domestic violence. Motion to Dismiss, Voisine Appx. 12-28. Mr. Voisine specifically challenged the charge in Count One as having to be presumed to have been committed through reckless conduct, as neither the complaint, transcript, or any other court document, established otherwise. Although defendant recognized that the issue as to whether a recklessly committed simple assault met the definition of a misdemeanor crime of domestic violence in *United States v. Booker*, 555 F.Supp.2d 218 (D.Me. 2008), which in turn depended on this Court's decision in *United States v. Nason*, 269 F.3d 10 (1st Cir. 2001), Mr. Voisine nevertheless lodged the challenge as "sufficient cause exists to

question the continued validity of this decision." Motion to Dismiss, Voisine Appx. 20.

The District Court entered an Order denying the Motion to Dismiss on April 14, 2011. *See* Order, Voisine Add. 7-8. The District Court did not provide an extended analysis in Mr. Voisine's case, but did reference an order entered in *United States v. Troy Bryant*, 1:11-cr-0021-JAW. In that case, the defendant argued that "intentionality must be an element of the predicate crime for the crime to fit the definition of 'misdemeanor crime of domestic violence' and observes that 'recklessness' satisfies the *mens rea* requirement for conviction under § 207." *Bryant* Order at 5, Voisine Add. 13. Defendant argued that *Nason* did not address the intent issue presented by Congress's selection of the term "use of force." In denying the motion, the District Court disagreed as to the scope of *Nason*, finding:

> In *Nason*, the First Circuit reviewed the decision of the Maine Supreme Judicial Court , which addressed "offensive physical contact" under § 207, and concluded that the phrase involves "something less than bodily injury" but more than "mere touching." *Nason*, 269 F.3d at 19 (quoting *State v. Pozzouli*, A.2d 745 (Me. 1997). The First Circuit cited § 207's "mens rea requirement" as one of the distinctions between offensive physical contact and mere touching. *Id.* In other words, the *Nason* Court considered § 207's *mens rea* requirement as a factor harmonizing its elements with the definition of misdemeanor crime of domestic violence.

*Bryant* Order at 6-7, Voisine Add. 14-15. In rejecting the argument that the word "use" that precedes the phrase "physical force" requires an intentional act, the District

Court found that "the *Nason* Court found that 'offensive physical contacts with another person's body categorically involve the use of physical force.' 269 F.3d at 20." *Id.* at 7, Voisine Add. 15. Thus, the District Court reasoned, "the First Circuit *implicitly* rejected the idea that intentionality is an essential element of 'use of physical force'." *Id.* (italics added).

Based on the denial of his Motion to Dismiss, Mr. Voisine entered a guilty plea conditioned on his ability to appeal that denial. *See* Conditional Plea, Voisine Appx. 51. Mr. Voisine was sentenced to a year and a day based on his § 922(g)(9) felony conviction, to be served concurrently with his nine month sentence imposed on his misdemeanor conviction. *See* Judgment, Voisine Add. 2. He filed a timely notice of appeal. Voisine Appx. 8. This Court affirmed the Judgment in a per curium opinion referencing this Court's decision in Mr. Armstrong's appeal. Mr. Voisine filed a petition for rehearing or rehearing *en banc* arguing that this decision conflicted with that of other circuits and also deprived him of a core constitutional right without sufficient nexus to the problem of the use of firearms in domestic violence assaults. This Court denied the petition on February 8, 2013.

## B.    Re:  William Armstrong

William Armstrong filed a Motion to Dismiss the Indictment on June 7, 2011. Armstrong Appx. 13-32. In his motion to dismiss, he noted that the First Circuit had

affirmed that a simple assault committed through reckless conduct constituted a misdemeanor crime of domestic violence in *United States v. Booker*, 644 F.3d 12 (1ˢᵗ Cir. 2011). *See* Motion to Dismiss, Armstrong Appx. 17. Mr. Armstrong persisted in his argument that a recklessly committed simple assault did not constitute the "use" of physical force, noting a split of authority between the First Circuit and other federal circuits on this matter. *See id.* at 28. The District Court summarily denied the motion by Order entered July 8, 2011, citing *Booker*, *supra.* Order, Armstrong Add. 6. Mr. Armstrong entered a plea of guilty conditioned on his right to appeal the denial of his Motion to Dismiss on September 26, 2011. *See* Conditional Plea, Armstrong Appx. 49. Mr. Armstrong came before the Court on February 14, 2012 for purposes of sentencing. At that time, the District Court imposed a sentence of three years probation, a $2,500 fine and a $100 special assessment. *See* Judgment, Armstrong Add. 1-5. Mr. Armstrong filed a timely notice of appeal on February 15, 2012. *See* Notice of Appeal, Armstrong Appx. 9-10.

This Court filed a published opinion affirming the Judgment of the District Court on January 18, 2013. In this opinion, this Court addressed the issue of recklessness:

> In interpreting the breadth of the definition of "misdemeanor crime of domestic violence" in § 922(g)(9), the court in *Booker* also rejected analogizing that term to 18 U.S.C. § 16's definition of "crime of violence,"

which includes "an offense that has as an element the use ... of physical force against the person or property of another." *Id*. § 16(a). Specifically, this court found that, "[i]n the course of drafting § 921(a)(33)(A), Congress expressly rejected § 16's definition of 'crime of violence,' adopting a definition of 'misdemeanor crime of violence' that was, according to the sponsor of the Lautenberg Amendment, 'probably broader' than the definition of 'crime of violence' in § 16." *Booker*, 644 F.3d at 19 (quoting 142 Cong. Rec. S11872–01, S11877 (daily ed. Sept. 30, 1996) (statement of Sen. Lautenberg)). We also explicitly stated that "[t]he threshold at which § 922(g)(9) will be triggered (misdemeanor crimes) is, accordingly, lower than the felony threshold set for the [Armed Career Criminal Act]." *Id*. at 21. "Whereas the ACCA seeks to protect society at large from a diffuse risk of injury or fatality at the hands of armed, recidivist felons, § 922(g)(9) addresses an acute risk to an identifiable class of victims—those in a relationship with a perpetrator of domestic violence." *Id*. Therefore, this court found "no ambiguity in the phrase 'use ... of physical force' when read in light of the 'text, structure, history, and purpose' of § 922(g)(9)." *Id*. (citation omitted).

*Armstrong*, 706 F.3d 1, 4-5 (1st Cir. 2013)(alterations in original). Mr. Armstrong petitioned for reheaing and rehearing *en banc* on the basis that this decision conflicted with that of other circuits and deprived him of a core constitutional right without sufficient nexus to the problem to be addressed. This Court denied rehearing on February 8, 2013.

### 3.    The Supreme Court decision

William Armstrong and Stephen Voisine filed a joint Petition for a Writ of Certiorari in the United States Supreme Court, noting the split in authority between the Circuits regarding whether reckless conduct meets the definition of "use" of physical force for purposes of 18 U.S.C. §§ 921(a)(33) and 922(g)(9). They also

petitioned on the question of the constitutionality of § 922(g)(9) as applied. The Supreme Court granted the Petition, vacated the judgments in this Court, and remanded for reconsideration in light of *United States v. Castleman*, 572 U.S. __ (2014) on March 31, 2014. This Court subsequently ordered supplemental briefing. This brief is submitted in compliance with that Order.

## SUMMARY OF ARGUMENTS

In *United States v. Castleman*, 134 S.Ct. 1405 (2014), the Supreme Court held that Congress incorporated the common law definition of battery in defining a "misdemeanor crime of domestic violence." The common law clearly established that offensive physical contact incorporated the slightest contact, but did not include all contact. Rather, the amount of force involved necessarily involved force *intended* to be offensive. The common law thus only incorporated an intentional act. In *Castleman* the Court noted that the term "use of force" had been construed to include only intentional conduct by every circuit except this one. It did not decide the issue in *Castleman* as the defendant there had been convicted of intentional conduct. Based on the holding that "use of force" is coterminous with the common law, the word "use" within that phrase indicates that the underlying crime must have been committed intentionally, rather than recklessly. Reckless conduct is committed, by definition, without regard to the probable consequences of one's actions. Domestic

violence, by contrast, is committed with a specific goal in mind: the control of a domestic partner. "Use" as indicating the element of intentional conduct, as held by ten other circuits, comports with the Supreme Court's decision in *Castleman*.

The *Castleman* Court did not consider the constitutionality of § 922(g)(9) due to the failure of Castleman to develop the issue in his brief. Appellants have challenged constitutionality of § 922(g)(9) throughout these proceedings. Applying a firearm restriction that is designed to address domestic violence, which necessarily involves intentional conduct, to offenses committed recklessly, fails to establish a sufficient nexus between the target of congressional concern and the means of addressing that concern. The application of § 922(g)(9) to reckless conduct convictions therefore fails any level of constitutional scrutiny greater than the rational basis test. As appellants' convictions must be construed to be premised on reckless conduct, applying § 922(g)(9) to these convictions violates the Second Amendment.

A new implication of the holding in *Castleman*, *supra*, arises from the Court's application of the categorical approach to the statute. The categorical approach is required when to do otherwise would violate Fifth and Sixth Amendment rights. The Court held in *Descamps*, *supra*, that a fact finder cannot depend on underlying facts in order to determine whether a prior conviction constitutes a predicate offense but

must compare the elements of the offense of conviction as to the elements of the predicate as, again, to do otherwise would violate the Fifth and Sixth Amendments. In *United States v. Hayes*, 555 U.S. 415 (2009), the Court held that the domestic relationship in a "misdemeanor crime of domestic violence" was defined, by statute, as a factual element *in addition to* the elements of the prior conviction. The Court did not consider the constitutional implications of this ruling. Either the statute, as so construed, violates the Fifth and Sixth Amendments as depriving a person of the right to have all elements of the predicate offense to be decided in the prior proceeding, or, to the extent that the "missing" elements can be proven in the subsequent federal prosecution, such procedure violates the Fifth Amendment Due Process Clause, as well as the Ex Post Facto Clause. This constitutional frailty occurs due to the absence of all the elements of a predicate "conviction" until the trial of the § 922(g)(9) charge, yet the possession of a firearm is otherwise legal until every element of the "conviction of a misdemeanor crime of domestic violence" is established. The statutory structure of § 922(g)(9) therefore makes illegal, pursuant to a subsequent proceeding, prior conduct that was legal up to the date of that proceeding.

## STANDARDS OF REVIEW

As both issues presented involve questions of law, the standard of review is *de novo*. *See United States v. Booker*, 644 F.3d 12, 17, 22 (1st Cir. 2011).

## I.

## TITLE 18, UNITED STATES CODE, SECTION 922(G)(9) EXCLUDES MISDEMEANOR CONVICTIONS COMMITTED THROUGH RECKLESS CONDUCT

Title 18, United States Code, Section 922(g) contains a series of categories of people who are proscribed from possessing firearms and ammunition. One of those categories is anyone "who has been convicted in any court of a misdemeanor crime of domestic violence. ... ." 18 U.S.C. § 922(g)(9). Title 18, United States Code, Section 921 provides a number of definitions pertaining to Section 922. One of those definitions provides that a "misdemeanor crime of domestic violence" means a misdemeanor offense that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon ... ." 18 U.S.C. § 921(a)(33)(A)(ii).

The question this Court must determine upon remand from the United States Supreme Court is whether an undifferentiated conviction pursuant to 17A M.R.S.A. §§ 207(1) or 207A(1)(A) meet the statutory definition of a "misdemeanor crime of domestic violence." This question arises due to the fact that simple assault convictions pursuant to these provisions may be had based on reckless conduct.[4]

---

[4]A person is guilty of domestic violence assault if:

      A.    The person violates section 207 and the victim is a family or

**A.    Congress, by adopting the common law definition of battery into the definition of the phrase "use of force," excluded reckless conduct from that definition**

The United States Supreme Court provided some guidance in the interpretation

of the phrase "use or attempted use of physical force" as contained in § 921(a)(33)in

*United States v. Castleman*, 134 S.Ct. 1405 (2014).  *Castleman* involved a defendant

---

household member as defined in Title 19-A, section 4002, subsection 4.  Violation of this paragraph is a Class D crime... .

17-A M.R.S.A. § 207A(1)(A).  A person is guilty of assault if:

A.    The person intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person.  Violation of this paragraph is a Class D crime ... .

17-A M.R.S.A. § 207(1)(A).

"Family or household members" means spouses or domestic partners or former spouses or former domestic partners, individuals presently or formerly living together as spouses, natural parents of the same child, adult household members related by consanguinity or affinity or minor children of a household member when the defendant is an adult household member and, for the purposes of Title 15, section 1023, subsection 4, paragraph B-1 and Title 15, section 1094-B, this chapter and Title 17-A, sections 15, 207-A, 209-A, 210-B, 210-C, 211-A, 1201, 1202 and 1253 only, includes individuals presently or formerly living together and individuals who are or were sexual partners. Holding oneself out to be a spouse is not necessary to constitute "living as spouses." For purposes of this subsection, "domestic partners" means 2 unmarried adults who are domiciled together under long-term arrangements that evidence a commitment to remain responsible indefinitely for each other's welfare.

19-A M.R.S.A. § 4002(4).

convicted of knowingly and intentionally causing bodily injury to his wife pursuant to Tenn.Code Ann. § 39–13–111(b), which incorporated by reference three different types of assault defined by Tenn.Code Ann. § 39-13-101. In construing whether this offense constituted a federal predicate for a § 922(g)(9) prosecution, the Supreme Court noted that "[i]t does not appear that every type of assault defined by § 39-13-101 necessarily involves 'the use or attempted use of physical force, or the threatened use of a deadly weapon.' § 921(a)(33)(A). A threat under § 39-13-101(2) may not necessarily involve a deadly weapon, and the merely reckless causation of bodily injury under § 39-13-101(1) may not be a 'use' of force." *Castleman*, 134 S.Ct. at 1413-1414 (footnote omitted). In the following footnote, the Supreme Court recognized a split in authority as to whether "use" of force encompasses reckless conduct, indicating that "the Court of Appeals have almost uniformly held that recklessness is not sufficient." *Id.* at 1414, n. 8. The lone Circuit to have rejected this position is this one. *See id.*, citing *United States v. Booker*, 644 F.3d 12, 19-20 (1st Cir. 2011).

This notation, combined with the Supreme Court having granted the certiorari petition filed by the Appellants here, prompted this Court to reconsider its prior holding in *Booker.* In *United States v. Carter*, 2014 WL 1688909 (1st Cir. Apr. 30, 2014), the Court reviewed its cases in which it held that a simple assault conviction

committed through reckless conduct constituted the "use of physical force" necessary to establish a "misdemeanor crime of domestic violence." *See id.* at \*5, citing *United States v. Armstrong*, 706 F.3d at 3–7 (rejecting defendant's claim that the Maine domestic violence assault statute could not serve as a predicate offense for § 922(g)(9)); *Booker*, 644 F.3d at 13–14, 21 (affirming convictions predicated upon Maine's general-purpose assault statute, and holding that "an offense with a *mens rea* of recklessness may qualify as a 'misdemeanor crime of domestic violence' under § 922(g)(9)"); *United States v. Nason*, 269 F.3d 10, 20–21 (1st Cir.2001) (holding that both *actus reus* variants of the Maine assault statute-bodily injury and offensive physical contact-necessarily involve the use of physical force). The specific reasoning in *Booker* was that none "of the terms used in the definition necessarily imply a particular state of mind. In construing terms left undefined by the statute, we must strive to give them their 'ordinary or natural meaning.'" *Booker*, 644 F.3d at 18.

The *Carter* panel decided to reconsider the effect of this prior line of reasoning based on the Supreme Court's statement that, "[i]f the 'statutory definition' of the prior state offense *necessarily* met the requirements of § 922(g)(9), then the Court would be able to determine that 'a domestic assault conviction in Tennessee categorically constitutes a 'misdemeanor crime of domestic violence.'" *See Castleman*, 134 S.Ct. at 1414 (emphasis added)." *Carter*, 2014 WL at \*7 (alteration

15

added). The Supreme Court declined to hold that any conviction pursuant to the Tennessee statute constituted a § 922(g)(9) predicate, and instead only held that intentionally causing bodily injury necessarily implicated the "use of physical force." *See Castleman*, 134 S.Ct. at 1415. The *Carter* panel concluded that, "[b]ased upon the Supreme Court's reasoning in *Castleman*, however, the validity of Carter's § 922(g)(9) conviction may depend on which mens-rea prong of the Maine general-purpose assault statute served as the basis for his guilty plea and conviction." *Carter*, 2014 WL at *9. Because the record did not contain the *Shepard* approved documents that might answer whether the conviction involved intentional or reckless conduct, the Court vacated the conviction in *Carter* and remanded to the District Court in order to develop the record. *See id.* at *10.

The notion that the panel[5] in these appeals may wish to reconsider its decisions in light of *Castleman* finds force in the *Carter* opinion, where the panel implicitly found that a prior conviction based on reckless conduct does not meet the statutory definition of a misdemeanor crime of domestic violence. This panel should make this holding explicit.

In analyzing the language and history of § 922(g)(9), the Supreme Court affirmed:

---

[5]The same panel decided both Armstrong and Voisine in 2013.

> "It is a settled principle of interpretation that, absent other indication, 'Congress intends to incorporate the well-settled meaning of the common-law terms it uses.' " *Sekhar v. United States*, 570 U.S. ——, ——, 133 S.Ct. 2720, 2724 ... (2013). Seeing no "other indication" here, we hold that Congress incorporated the common-law meaning of "force"—namely, offensive touching—in § 921(a)(33)(A)'s definition of a "misdemeanor crime of domestic violence."

*Castleman*, 134 S.Ct. at 1410. The Supreme Court not only interpreted the element of "force," but also held that "it makes sense for Congress to have classified as a 'misdemeanor crime of domestic violence' *the type of conduct that supports a common-law battery conviction.*" *Id.* (emphasis added). The Court thus adopted a very special meaning for the term "use of physical force," rather than the common usage meaning identified in *Booker*.

The Supreme Court canvassed the "common law" of assault and battery in *Johnson v. United States*, 130 S.Ct. 1265 (2011). In that case, the Court found that there is a technical use of the word "force," as well as "a more specialized legal usage of the word 'force': its use in describing one of the elements of the common-law crime of battery, which consisted of the *intentional* application of unlawful force against the person of another. *See* 2 W. LaFave & A. Scott, Substantive Criminal Law § 7.15(a), p. 301 (1986 and Supp.2003); *accord*, Black's [Law Dictionary] 173." *Johnson*, 130 S.Ct. at 127 (alteration and emphasis added). The *Johnson* Court indicated that the "common law held this element of 'force' to be satisfied by even

the slightest offensive touching. *See* 3 W. Blackstone, Commentaries on the Laws of England 120 (1768) (hereinafter Blackstone); *Lynch v. Commonwealth*, 131 Va. 762, 765, 109 S.E. 427, 428 (1921) ... ." *Id.*

Although the "slightest touching" *can* constitute "force" within the meaning of the common law, when one looks at the decision in *Lynch*, the issue of "force" is not so straightforward. "To constitute battery there must be some touching of the person of another, *but not every such touching will amount to the offense*. Whether it does or not will depend, *not upon the amount of force applied*, but upon the intent of the actor." *Lynch*, 109 S.E. at 428 (emphasis added). An "offensive physical contact" pursuant to the common law thus had to have been committed "willfully," inasmuch as the intent of the actor was to give offense. *See id.*

The Maine Supreme Judicial Court recognized this common-law definition in *State v. Rembert*, 658 A.2d 656 (Me. 1995), in which the Court found that "the notion of offensive physical contact has been well developed in the context of civil battery. 'Unpermitted *and intentional* contacts with anything so connected with the body as to be customarily regarded as part of the other's person and therefore as partaking of its inviolability is actionable as an offensive contact with his person.'" *Id.* at 658 (emphasis added), citing Restatement (Second) of Torts § 18 cmt. c (1964). The introduction of the element of recklessness in the Maine simple assault statute is thus

broader than encompassed in the common law definition of assault and battery. As *Castleman* found that Congress adopted the common law in defining a misdemeanor crime of domestic violence, the definition must also include a knowing or willful element, as no amount of force constitutes an assault or battery unless that force is also intended to cause offense or harm.

**B.** **The First Circuit's decision that "use of physical force" may be committed through reckless conduct conflicts with that of every other court to have considered the intent element of this language:**

As noted in *Castleman*, every other court to have considered whether the term "use of physical force" implicates a certain level of intent, have decided that "use" is an active term that cannot be satisfied by reckless conduct. Many of the cases cited in footnote 8 of *Castleman* interpret the language in 18 U.S.C. § 16(a), which provides a definition for a crime of violence as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another ... ." Subsection 16(b) is similar, in that it includes another definition of a qualifying crime which, "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The term "crime of violence" has been incorporated in a variety of criminal and civil statutes, which all then refer back to § 16. *See Leocal v. Ashcroft*, 543 U.S. 1, 7 and n. 4 (2004). There are other locations in the criminal law that also contain

the phrase "use ... of physical force." *See e.g.* 18 U.S.C. §§ 521, 924(e)(3), and 1512; U.S.S.G. § 2L1.2.

The cases identified in footnote 4 in *Castleman* rely on a plain language analysis of the term "use" to determine that such word (consistent with the common law specialized meaning of force) implicates intentional conduct. The beginning of the line of cases in which "use" or "uses" came to be understood to include an intentionality element began with *Bailey v. United States*, 516 U.S. 137 (1995), in which the Supreme Court considered the phrase "uses or carries a firearm" as contained in 18 U.S.C. § 924(c)(1)(A).[6] In interpreting this phrase, the Supreme Court decided that "use" connotes active employment and not mere possession. *See Bailey*, 516 U.S. at 145. *Leocal* came before the Court almost a decade later, and in that opinion, the Court reexamined the concept of "active employment," in the context of the location of the word "use" in relation to "physical force." "While one may, in theory, actively employ something in an accidental manner, it is much less natural to say that a person actively employs physical force against another person by accident. Thus, a person would 'use ... physical force against' another when pushing him; however, we would not ordinarily say a person 'use[s] ... physical force against'

_____

[6]The statute was later amended to include possession of a firearm during and in relation to a drug trafficking offense or a crime of violence.

another by stumbling and falling into him." *Leocal*, 543 U.S. at 9. The Court thus concluded that "'use ... of physical force against the person or property of another'-most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Id.*

Courts have generally referred to this line of analysis in finding that the word "use" found in conjunction with "physical force" requires intentional, as opposed to reckless, conduct, despite *Leocal's* specific admonition that it was not deciding this issue. *See Leocal*, 543 U.S. at 13 ("This case does not present us with the question whether a state or federal offense that requires proof of the reckless use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16"). For instance, in *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), the Eleventh Circuit considered the phrase "use of physical force" in the context of a Guideline enhancement. In determining that a prior conviction predicated on reckless conduct did not involve the "use of physical force," the Court reasoned that "[s]ince *Leocal*, a number of circuit courts have applied its reasoning. Both in the context of 18 U.S.C. § 16 and the almost identically worded definition of 'crime of violence' under § 2L1.2 of the Guidelines, these courts have held that crimes with a *mens rea* of recklessness are not 'crimes of violence.'" *Id.* at 1335. Due to the "the persuasive reasoning of our sister circuits," the Eleventh Circuit

adopted the position that "a conviction predicated on a *mens rea* of recklessness does not satisfy the 'use of physical force' requirement... ." *Id.* at 1336.

The Seventh Circuit's decision in *Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557 (7th Cir. 2008) adds another layer of analysis to the question of the intentionality element of the term "use of physical force." This case involved a review of an order of removal of an alien convicted of Criminal Recklessness pursuant to an Indiana statute. In deciding that such crime did not constitute a crime of violence within the meaning of 18 U.S.C. § 16, the Court relied not only on the reasoning of *Leocal*, but also on the reasoning in *Begay v. United States*, 553 U.S. 137 (2008). *Begay* involved the question as to whether a conviction for drunk driving constituted a "violent felony" for purposes of the Armed Career Criminal Act, *codified at* 18 U.S.C. § 924(e). It held that it was not, due to the fact that drunk driving did not involve purposeful, aggressive, and violent conduct. Based on *Begay*, the Seventh Circuit held that crimes of recklessness are not violent felonies under the ACCA. *See United States v. Smith*, 544 F.3d 781, 785-86 (7th Cir. 2008). In that case, the Court analyzed "a different subsection of the same Indiana recklessness statute before us today, *id.* 544 F.3d at 783, n. 2," and "noted that the non-purposeful nature of the DUI offense was the 'primary distinction' relied on by the Supreme Court in *Begay*. *See* id. at 784 ... ." *Jimenez-Gonzalez*, 548 F.3d at 562. In determining that reckless conduct did

not fall within the "crime of violence" definition provided by § 16, the Seventh Circuit found it significant that "the non-purposeful nature of the DUI offense was the *sole factor* relied on by the Supreme Court in *Leocal* when it held that drunk driving did not qualify as a crime of violence under Section 16(b)." *Id.* (emphasis in original).

The analysis contained in these opinions specifically rely on *Leocal* and other decisions indicating that "use" denotes active and intentional conduct. The analysis of courts considering misdemeanor crimes in the context of § 922(g)(9) offenses have either preceded *Leocal*, or have come after other cases interpreting *Leocal* in a manner to exclude reckless conduct from "use of physical force" definitions. For instance, in *United States v. Howell*, 531 F.3d 621 (8th Cir. 2008), the Court held that a misdemeanor assault conviction was not a predicate for a § 922(g)(9) conviction because the statute at issue involved reckless conduct. The reasoning in *Howell* may have been circumscribed as the Eighth Circuit had previously ruled in *United States v. Torres Villalobos*, 487 F.3d 607, 615-616 (8th Cir. 2007) that "use of physical force" did not include offenses committed by reckless conduct. Similarly, the Fifth Circuit excluded misdemeanors perpetrated through reckless conduct from those that qualify as predicates for § 922(g)(9) purposes in *United States v. White*, 258 F.3d 374, 382-383 (5th Cir. 2001)(finding that reckless conduct misdemeanor conviction does

not meet definition of "use or attempted use of physical force" for purposes of predicate for 18 U.S.C. § 922(g)(9) conviction as both "use" and "attempted use" indicate purposeful and intentional, not reckless, conduct). Although *White* does not provide an extended analysis, the Court thoroughly analyzed the meaning of the word "use" in conjunction with "force" in *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001). In that case, the Court addressed whether a conviction based on reckless conduct met the definition of "crime of violence" pursuant to either prongs of 18 U.S.C. § 16. In finding that it did not, the Court considered the dictionary definition of the word "use," and concluded that the "four relevant definitions indicate that 'use' refers to volitional, *purposeful*, not accidental, employment of whatever is being 'used'." *Id.*, 243 F.3d at 926 (emphasis in original).

The Supreme Court adopted this line of reasoning in *Leocal*, *supra*. It incorporated the common-law requirement for intentional conduct in *Castleman*, *supra*. This Court should therefore also find that a conviction based on reckless conduct does not meet the definition of the "use or attempted use of physical force" necessary to establish a predicate offense for purposes of § 922(g)(9).

**C.**   **Although Maine has a divisible statute, the *Shepard* approved documents available in these cases do not establish that the prior convictions were not based on anything but reckless conduct:**

Once "use or attempted use of physical force" is recognized as excluding reckless conduct, the next question is whether the Court can determine under which prong of Maine's simple assault statute Appellants were convicted. The panel in *Carter* found that the record was insufficient to make that determination and so remanded to the District Court for further factual findings. That Maine's simple assault statute is divisible was addressed in Justice Scalia's concurring opinion in *Castleman*, where he notes that "§ 922(g)(9) would have worked perfectly well in 38 of the 48 States that had misdemeanor assault or battery statutes at the time of § 922(g)(9)'s enactment. At that point, 19 States had statutes that covered infliction of bodily injury but not offensive touching, and 19 more had statutes that prohibited both of types of conduct, but did so in a divisible manner—thus making it possible to identify the basis for a conviction by inspecting charging documents and similar materials, *see Descamps v. United States*, 570 U.S. ——, ——, 133 S.Ct. 2276, 2283–2285, 186 L.Ed.2d 438 (2013)." *Castleman*, 134 S.Ct. at 1419 (Scalia, J., concurring)(footnotes omitted). The 19 states Justice Scalia indicated had statutes prohibiting both causing physical injury and offensive contact, but did so in a divisible manner, include Maine. *See id.* at n. 4.

The problem of identifying which prong of a divisible statute may be the basis for a prior conviction is not a new one. Section 922(g)(9) cases have been dismissed

by courts based on an inability to differentiate whether a prior conviction was based on a qualifying prong of a statute.  *See e.g. United States v. Larsen*, 13 Fed.Appx. 439 (8th Cir. 2001)(affirming dismissal of § 922(g)(9) charge based on undifferentiated assault conviction where conviction may have been predicated on prong of statute that did not meet federal definition); *United States v. Brun*, 2004 WL 234401 at *3 (D.Minn. 2004)(refusing to accept 922(g)(9) plea when transcript of prior proceeding did not establish under which prong defendant convicted, where one prong satisfied federal definition and one did not); *United States v. Trimble*, 415 F.Supp.2d 1015 (D.Ne. 2006)(same).

In the appeals subject to remand by the Supreme Court, the records contains all of the *Shepard* documents available, including the criminal complaints as well as transcripts of the plea colloquies.  These transcripts in turn reference oral plea agreements.  The criminal complaints contain generic descriptions of the offense, including that the alleged assault or batteries were committed through reckless conduct.  The transcripts of the pleas do not contain any further elucidation of the basis for the convictions, and therefore those convictions must be deemed to have been obtained under a recklessness standard.  As such, they do not constitute predicate crimes for the § 922(g)(9) offenses charged in Count One of the Information lodged in Mr. Voisine's case, or in Count One of the Indictment lodged in Mr.

Armstrong's case. Based on *Castleman*, the convictions of Appellants on these charges are due to be vacated with instructions to dismiss these charges.

## II.

### TITLE 18, UNITED STATES CODE, SECTION 922(G)(9) IS AN UNCONSTITUTIONAL ENACTMENT

As part of their motions to dismiss, both Appellants challenged the application of § 922(g)(9) to their prior convictions as unconstitutional. Those challenges were summarily denied based on this Court's decision in *Booker*, *supra*. This Court summarily dismissed the constitutional challenges lodged in *Carter*, *supra*, noting that the "defendant in *Castleman* did not challenge the constitutionality of § 922(g)(9), and the Supreme Court's opinion did not address the Second Amendment or the constitutionality of the statute." *Carter*, 2014 WL at *4. Similarly, the panel's prior denial of Appellant's constitutional challenges remain foreclosed by the prior decisions entered in their cases. Should the Court decide that Appellants' convictions must be reversed based on a statutory analysis, then the Court need not address the constitutional challenges they raise.

Appellants renew their prior challenges for procedural purposes, so that they may not be considered waived should the Court decide the statutory analysis in a manner that upholds their convictions. Those prior challenges were adequately

briefed and so will not be repeated here.  Appellants add two new challenges based on authority not available at the time of their original appeals.

**A.**   **Reckless conduct is too tenuously connected to a purposeful effort to control a domestic partner so as to render § 922(g)(9) unconstitutional as applied so such convictions:**

Appellants originally argued that the link between non-violent conduct and future violence was too attenuated to justify precluding those convicted of non-violent misdemeanors from possessing firearms.  The argument now presented is a gloss on that issue.  In *Castleman*, the Supreme Court noted the vast disparity between the rate of domestic assaults and firearm related domestic violence when it began its opinion with the observation that this "country witnesses more than a million acts of domestic violence, and hundreds of deaths from domestic violence, each year." *Castleman*, 134 S.Ct. at 1408.  The chance of a particular domestic assailant committing an act of violence with a firearm finds no direct correllation in the numbers.  In other words, if one looks through the telescope from the end-point of a crime of violence committed with a firearm, one may find prior instances of domestic battery.  If one looks through the other end of the telescope, beginning with the pool of those convicted of domestic battery, one would have to search far and wide to find an instance of firearm violence.

The *Castleman* Court found that Congress did not wish to allow even the small possibility of a link between a prior conviction of a domestic battery to allow a subsequent firearm-related offense, and thus included common-law battery within the definition of a "misdemeanor crime of violence." *See id.* at 1411. The premise of including non-violent battery offenses within the term "domestic violence" stems from the premise that "'[d]omestic violence' is not merely a type of 'violence'; it is a term of art encompassing acts that one might not characterize as 'violent' in a nondomestic context." *Id.* Rather, "an act of this nature is easy to describe as 'domestic violence,' when the accumulation of such acts over time can subject one intimate partner to the other's control." *Id.* at 1412. One may question whether a single act of non-violent offensive contact may offer a sufficient nexus when the accumulation of such acts has been identified as the problem. If control is the *sine qua non* of domestic violence, then an unintentional, if reckless, act becomes too attenuated from the underlying identified cause to withstand constitutional scrutiny. Thus, the inherent intentionality of a common law battery offense fits within the definition of domestic violence, but extending the prohibition to reckless conduct does not. Since it does not, there is no justifiable basis to deprive an individual of a constitutionally protected right for engaging in reckless conduct.

**B.**     The decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013) renders 18 U.S.C. § 922(g)(9), as construed by *United States v. Hayes*, 555 U.S. 415 (2009), unconstitutional pursuant to the Fifth and Sixth Amendments and the Ex Post Facto clause

One of the issue which had previously split the circuits was whether the prior domestic relationship had to be part of the underlying conviction. Section 922(g)(9) requires that a person "who has been *convicted* in any court of a misdemeanor crime of domestic violence ..." from possessing a firearm. *Id.* (emphasis added). Hence, one must have a *prior conviction* for the predicate offense in order to be prohibited from possessing a firearm or ammunition. It was in defining the scope of that predicate that the Supreme Court considered the language of 18 U.S.C. § 921(a)(33)(A) in *United States v. Hayes*, 555 U.S. 415, 421 (2009). In that case, the Court rejected the idea that the domestic relationship outlined in the definition of a "misdemeanor crime of domestic violence" had to be included in the elements of the prior offense, and instead held that "in a § 922(g)(9) prosecution, it suffices for the Government to charge and prove a prior conviction that was, in fact, for 'an offense ... committed by' the defendant against a spouse or other domestic victim." *Id.* Notably, the Supreme Court did not address any constitutional question in so holding.

This statutory construction conflicts with a categorical approach, which is limited to the specific elements of a prior offense and excludes the facts underlying

those elements. The "categorical approach" derived from the Court's interpretation of the Armed Career Criminal Act, codified at 18 U.S.C. § 924(e). *See United States v. Taylor*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005). In *Castleman*, the Supreme Court indicated that the categorical approach also applied to § 922(g)(9) cases. *See id.*, 134 S.Ct. at 1413. In *Descamps v. United States*, 133 S.Ct. 2236 (2013), the Court held that neither the categorical approach nor the modified categorical approach allow the *post hoc* finding of *facts* that did not comprise any *element* of the count of conviction:

> Our modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction, as we have held the Sixth Amendment permits. But the Ninth Circuit's reworking authorizes the court to try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct. *See [United States v.] Aguila–Montes,* 655 F.3d [915], ... 937 [(9th Cir. 2001)]. *And there's the constitutional rub.* The Sixth Amendment contemplates that a jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt. And the only facts the court can be sure the jury so found are those constituting elements of the offense—as distinct from amplifying but legally extraneous circumstances. *See*, *e.g.*, *Richardson v. United States*, 526 U.S. 813, 817, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). Similarly, as *Shepard* indicated, when a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements; whatever he says, or fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment.

*Id.*, 133 S.Ct. at 2288. The problem with the *Hayes* interpretation of § 921(a)(33) is that it allows an essential element of a prior conviction to be proven in a later prosecution.

Although the conclusion that a prosecutor must plead and prove beyond a reasonable doubt to a jury the necessary element of the domestic relationship in the subsequent § 922(g)(9) proceeding, the problem still arises that the defendant cannot have been "convicted" of the requisite crime until a jury so finds.  That finding will not occur until after the conduct (possession of a firearm) has been completed.  Thus, the  possession cannot be illegal until all elements of a prior qualifying conviction have been established, which cannot be until after the § 922(g)(9) charge has been lodged.  The Ex Post Facto clause does not allow making an act, legal when committed, subsequently illegal.  *See Calder v. Bull*, 3 U.S. 386, 390 (1798)(holding that the Ex Post Facto clause prohibits "Every law that makes an action , done before the passing of the law, and which was innocent when done, criminal; and punishes such action").  This is exactly the result the *Hayes* decision imposes on every § 922(g)(9) proceeding.  That is because a necessary element of "a prior conviction of a misdemeanor crime of domestic violence," namely, the domestic relationship, need not be established until after the act (possession of a firearm) has been completed.  Such possession is otherwise legal.  *Descamps* establishes that one cannot be *convicted* of the predicate crime unless all of the necessary *elements* of that crime are co-extensive with the *elements* listed for the federal predicate.

The result may have been different had Congress enacted a statute that precluded possession of a firearm for those who have engaged in a course of conduct constituting domestic violence. Congress did not do so. It pegged the prohibition to a prior conviction. As the *Hayes* decision construes the statutory elements in a manner inconsistent with the limitations announced in *Descamps* as to the categorical approach, and conflicts with the Ex Post Facto clause's limitation on making legal acts subsequently illegal, the statute must be found to be constitutionally infirm.

## CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, Appellants request that the Court vacate their judgments of conviction pursuant to 18 U.S.C. § 922(g)(9) and remand to the District Court with instructions to dismiss Count 1 of the Information with respect to Mr. Voisine, and the Indictment with respect to Mr. Armstrong.

Date: May 27, 2014                          Respectfully submitted

/s/ *Virginia G. Villa*
VIRGINIA G. VILLA, #124070
Assistant Federal Defender
Attorney for Appellants
23 Water Street, Suite 206
Bangor, ME 04401
(207) 992-4111

# CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

RE:  *United States v. Stephen L. Voisine*, No. 12-1213

*United States v. William Armstrong III* , No. 12-1216

**Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**:

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒  this brief contains 8156 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒  this brief has been prepared in a proportionally spaced typeface using WordPerfect X3, TimesNewRoman font, 14 point.

DATED: May 27, 2014                         /s/ *Virginia G. Villa*

**Virginia G. Villa,**

Attorney for Appellants

Assistant Federal Defender

First Circuit Bar Number 124070

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2014, I electronically filed Appellants' Brief with the Clerk of Court using the CM/ECF system with will send notification of such filing to **Renée Bunker**, Assistant United States Attorney, Office of the United States Attorney, 100 Middle St., East Tower, 6th Floor, Portland, ME 04101, as well as sent a paper copy via FedEx to the address listed herein.

___/s/ *Virginia G. Villa*_____

VIRGINIA G. VILLA

Assistant Federal Defender

Federal Defenders of Maine